## Slone v. Methodist Episcopal Church South, et al.

(Decided November 4, 1921.)

### Appeal from Knott Circuit Cuort.

1. Deeds—Reversions.—A grantor cannot defeat the title to land of purchaser for value from his grantee under an agreement of reversion not expressed in his deed and of which the purchaser had no notice.

2. Deeds—Religious Societies.—Nor can he, after the land has been sold and conveyed to an innocent purchaser without restriction or limitation by his grantee, recover of the latter, an incorporated church, the value of the land, upon proof merely that one of the

trustees, without the knowledge or consent of the other trustees, to induce him to make the deed verbally, assured him that the property would be devoted exclusively to certain religious purposes.

JOHN CAUDILL for appellant.

H. H. SMITH, B. F. COMBS, J. M. BAKER and SMITH & COMBS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In 1909 the appellant, Lark Slone, and one Sturgill with their wives conveyed to the M. E. Church South, at Hindman, a small tract of land on the head of Jones Fork of Beaver Creek in Floyd county, containing about one-fourth of an acre. The members of the local church, with funds subscribed by themselves and others and $300.00 borrowed of the M. E. Church Extension Board, erected a house of worship upon the lot and conducted services therein regularly until 1915 or 1916. On May 1, 1917, the church sold and conveyed the house and lot to the Knott county board of education for $700.00. Thereafter appellant, Slone, instituted this action against the church and board of education, seeking the cancellation of the deed from the church to the school board and that he be adjudged the owner of an undivided one-half interest in the lot.

The only ground assigned in the petition for such relief is, ''that the said land was conveyed to the defendant, M. E. Church South, herein for the purpose of and that the consideration therein was, that the defendant, Methodist Church South, was to erect and maintain a church building thereon and that said building was to be used as a place of religious worship, and that any denomination might have free access to said building, but no other denominations were to interfere with the times that the defendant, M. E. Church South, chose to use said building,'' and that when ''the said property ceased to be used for religious purposes same reverted to the grantors and that he is now the owner of a one-half interest therein and was the owner of same at the time the same was conveyed to the Knott county board of education.''

Without questioning the sufficiency of the petition, the defendants by their separate answers denied the above allegations and the board of education pleaded in addition that it was a *bona fide* purchaser for value and

without knowledge of plaintiff's claim. This latter plea was controverted by reply, and by amended petition, which was traversed of record, plaintiff sought to recover the value of his asserted half interest in the land out of the proceeds of the sale to the school board in the event he could not recover the land. Upon a trial the petition was dismissed and plaintiff appeals.

It will be noticed that plaintiff did not allege and he does not now contend that the deed from himself and Sturgill to the church contained any clause of reversion; neither does it appear from the petition whether or not the consideration as therein alleged was recited in the deed from Slone and Sturgill to the church; nor is there any copy of the deed in the record, but it is made clear from the evidence that the consideration stated in the deed was $50.00 cash in hand paid and not as stated in the petition. It is therefore clear that from the deed which was recorded in the clerk's office, the school board had no constructive notice of the claim that appellant is now asserting; nor is there any evidence whatever in the record that it ever had actual notice thereof before it purchased the lot or in fact until this action was instituted. From which it follows that the school board was a *bona fide* purchaser for value and without notice of any infirmity in the title it purchased from the church. Hence the court did not err in refusing to cancel the deed to the school board and adjudge plaintiff the owner of an undivided one-half interest in the land.

Not only so, but the evidence for plaintiff, which is contradicted by that for defendants, only goes to the extent of showing that one of the trustees and several members of the church, without the knowledge or consent of the other trustees, to induce him to make the deed, assured him that other denominations would be permitted to use the church when it was not being used by the Methodists. There is no evidence whatever that this trustee or anybody agreed that the property would revert to the grantors in any event.

Hence, without deciding whether plaintiff could, under the guise of proving the true consideration, establish by extraneous evidence a right of reversion not contained in the deed without allegation of fraud or mistake in its execution as is here attempted, it is clear that the court did not err in also refusing to adjudge the plaintiff out of the proceeds of sale to the school board, the value of an undivided one-half interest in the land, about $25.00,

since the proof does not show or even hint at any agreement for a reversion in any event.

Plaintiff's authorities to the effect that property dedicated to particular purposes reverts to the dedicators when it ceases to be used for such purposes are plainly inapplicable since there is no proof of a dedication by deed or otherwise.

Judgment affirmed.